[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at La Canada, California on July 25, CT Page 9220 1975. The parties have resided continuously in Connecticut since 1976. There is one child issue of the marriage, Christopher MacNair Westhoff, born July 3, 1983.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in Sections 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 16 years. The plaintiff is 44 years of age and in relatively good health. The plaintiff was an international flight attendant for 18 years. At the present time she is working for the town of Darien and attempts to earn additional funds by catering and other odd jobs.
The defendant is 50 years of age and also appeared to be in good health. The defendant has an accounting degree and is a C.P.A. licensed in Pennsylvania. Up until May 1990, the defendant was employed as corporate financial officer earning a yearly salary of $125,000 per year plus bonuses. The defendant has been unemployed since May 1990 although he claims to be actively seeking employment in the financial field. The defendant is presently doing some consulting work.
The parties' financial situation has become extremely perilous as a result of the defendant's lengthy unemployment.
The parties entered into a stipulation which was approved by the court and entered as an order on September 17, 1991 as to joint legal custody of the minor child Christopher with physical custody to be with the plaintiff. The defendant's visitation rights were also set forth at length in the stipulation between the parties and entered as an order by this court on September 17, 1991.
It appears that the parties have had an unhappy marriage for some years. The plaintiff has had severe emotional problems and the defendant was either unwilling or unable to maintain a relationship with the plaintiff. The parties separated in 1989. The court declines to assess fault to either party for the breakdown of their relationship.
Assets of The Parties
The marital home in Darien, Connecticut is encumbered by a first mortgage of $93,754 and a second mortgage home equity loan of $172,792 — this property has an estimated fair market value of CT Page 9221 $500,000.
The New Preston, Connecticut property is encumbered by a first mortgage of approximately $160,000. This property is presently listed for sale at $549,000.
The New York co-op apartment is rented, however, the rental income does not cover the co-op expenses. The estimated value of this property is between $45,000 and $50,000 subject to a mortgage of $20,000.
The plaintiff has an IRA of approximately $27,000 plus some Pan Am shares of stock valued at approximately $3,963.75. The plaintiff also has a credit union account of $1,900.
The defendant has a Pan Am retirement plan which the court finds to have a present value of $69,500. In addition, he has an IRA of $2,000 and accounts receivable of $4,695.
Both parties own motor vehicles.
The court has carefully considered the criteria set forth in Sections 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The following orders may enter:
A. Real Property
1. 176 East Shore Drive. New Preston. Connecticut
It is ordered that the New Preston property shall be listed for sale immediately with a listing price of $474,000 — the listing price shall be reduced by 5% in the event the property is not sold by March 1, 1992.
Upon the sale of the New Preston property the following shall be paid:
1) 1st mortgage on the New Preston property;
2) real estate commission, usual closing costs and attorneys fees;
3) the 2nd mortgage home equity loan on the Darien Connecticut property;
4) real estate taxes owed to the Town of Darien in the amount of $6,224.20 (plus interest); CT Page 9222
5) the remaining balance shall be awarded to the defendant.
The defendant shall be permitted to occupy the premises until sold and shall be responsible for all utilities. The defendant shall keep and maintain the premises in a neat and clean manner to facilitate the sale and he shall maintain the premises in a showable condition at all times.
The parties shall use their best efforts to attract a purchaser as quickly as possible, and if necessary the parties shall be reduce the price further than already indicated.
The court shall retain jurisdiction over any disputes arising in connection with the sale and/or listing price of the property.
2. 55 Locust Hill Road, Darien
The plaintiff desires to remain in Darien where she has found employment and where her child attends school. The plaintiff has been resourceful in attempting to maintain the Darien Realty as a home for herself and their child. With the second mortgage home equity loan paid off, the plaintiff feels she would be in a position to maintain this home. The plaintiff does not have the earning ability or capacity to earn as high an income as the defendant. The foreclosures that are in the wings may very well dash any hopes the parties have of realizing any equity out of the ashes.
The following orders are entered with respect to the Locust Hill, Darien property:
1. The defendant shall transfer all his right, title and interest in and to the real estate located at 44 Locust Hill Road Darien, Connecticut to the plaintiff.
2. The plaintiff shall be responsible for the first mortgage and shall save the defendant harmless from any liability thereon.
3. 118 Perry Street, New York, New York
The New York co-op is not paying its own expenses. Neither party has the financial luxury to continue to hold this property. It is hopeful that a sale will provide both parties with some much needed liquidity.
Therefore, it is ordered, that the co-op located at 118 Perry Street, New York, New York be placed on the market and sold forthwith. After the payment of the first mortgage, real estate CT Page 9223 commission and usual closing costs and accrued maintenance costs and taxes, the net proceeds shall be divided 65% to the husband and 35% to the wife.
Until such time as the property is sold, the plaintiff shall continue to collect the monthly rental and shall pay the first mortgage and other basic monthly expenses. Any shortfall with respect to maintenance expenses shall be paid from the gross proceeds before the net proceeds are divided between the parties.
The court shall retain jurisdiction over any disputes arising out of the sale of this property.
The defendant shall be entitled to receive an accounting from the plaintiff as to rental income and expenses.
B. Alimony
The defendant shall pay to the plaintiff during his lifetime the sum of $1 per year as alimony until the death or remarriage of the plaintiff or for a period of 5 years from date whichever event shall first occur.
In awarding the plaintiff alimony for a relatively short period of time, the court has taken into consideration the distribution of the marital assets in addition to the statutory criteria.
C. Child Support
1. In view of the defendant's current employment situation, the court enters an order of child support in the amount of $100 per week, an amount the defendant felt he could continue to pay.
2. Upon the defendant's obtaining full time employment, he shall notify the plaintiff within one week of date so that a more appropriate order can be entered having reference to the child support guidelines, if appropriate. If the parties are unable to agree, the court shall enter an appropriate order after holding a hearing on the issue of child support.
D. Medical Coverage
1. The defendant shall provide and maintain medical coverage for the benefit of the minor as is available through his former employer.
2. The defendant shall provide and maintain medical coverage for the benefit of the minor child as is available through his CT Page 9224 future employment.
3. Any unreimbursed medical expenses shall be equally divided between the parties.
E. Life Insurance
The defendant shall name the minor child as beneficiary to the extent of $150,000 of his AICPA insurance policy for so long as he has an obligation to support the minor child. The plaintiff shall be named as the trustee for the minor child on said policy.
F. Pensions and IRA's and Stock
1. The defendant shall be entitled to his Pan American Retirement Plan which the court finds to have a present value of $69,500.
2. The defendant shall be entitled to his IRA and his Pan American Stock.
3. The plaintiff shall be entitled to her Pan American retirement benefits, her credit union accounts and her IRA in the amount of approximately $27,000.
G. Tokeneke Club
The plaintiff shall be entitled to retain ownership of the membership bond at the Tokeneke Club.
H. Personal Property
1. The plaintiff shall be entitled to the 1978 Cadillac motor vehicle and the 1972 Porsche motor vehicle.
2. The defendant shall be entitled to his 1986 Toyota Camry.
3. The parties shall divide the furniture and furnishings contained in the New Preston home and the Darien home as they shall agree. If the parties are unable to agree, they are referred to Family Relations for mediation and if this is unsuccessful, the court shall enter appropriate orders after a hearing.
I. Withholding
A contingent wage execution is ordered.
COPPETO, J. CT Page 9225